UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24521-CIV-COHN/WHITE
(CASE NO. 11-20767-CR-COHN)

HUGH JONES, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 37] ("Report") of Magistrate Judge Patrick A. White concerning Movant Hugh Jones, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [DE 1] ("Motion"). Jones has filed timely Objections to the Report [DE 38]. The Court has reviewed de novo the file herein and is otherwise fully advised in the premises.

On January 13, 2012, Jones pleaded guilty to three counts of possessing crack cocaine, and conspiring to possess that substance, with the intent to distribute it. See 21 U.S.C. § 841(a)(1); id. § 846. Based on three prior felony drug convictions, Jones was subject to a sentencing enhancement as a career offender. See U.S.S.G. § 4B1.1(a). The Court sentenced Jones to 188 months' imprisonment, the bottom of the advisory guideline range. Jones did not appeal his convictions or sentence, and his criminal judgment became final on April 13, 2012.

On December 21, 2012, Jones filed the present Motion. On September 11, 2013, Jones sought leave to amend his Motion, see DE 12, and Magistrate Judge

White granted that request, "subject to any applicable procedural bars." DE 13. Viewing Jones's filings liberally, Judge White construed them as asserting three claims for relief:

> Ground One: That his plea was unknowing and involuntary, because it was based on ineffective assistance of counsel.
>
> Ground Two: That his counsel was ineffective in failing to file a direct appeal after being requested to do so.
>
> Ground Three: That the district court's finding of his career offender status violated his Sixth Amendment rights.

DE 37 at 2. On April 8, 2014, Judge White held an evidentiary hearing on Jones's second claim regarding the filing of a direct appeal. See DE 15; DE 35.

In the Report, Magistrate Judge White determined that Jones's third claim involving his career-offender status—raised in his September 11, 2013, motion for leave to amend—was barred by the one-year statute of limitations for § 2255 motions. See 28 U.S.C. § 2255(f)(1). Judge White found that this claim was factually unrelated to the claims in Jones's original Motion and thus did not relate back to those claims. See Mayle v. Felix, 545 U.S. 644, 650 (2005). More, Judge White explained that the Supreme Court decisions Jones relied on in his motion to amend did not apply retroactively to cases on collateral review, and therefore did not start a new one-year limitations period. See 28 U.S.C. § 2255(f)(3).

Magistrate Judge White also was unpersuaded by Jones's first claim that ineffective assistance of counsel rendered his guilty plea unknowing and involuntary. According to Jones, his counsel advised him that his advisory guideline range would be 63 to 78 months and never informed him that he was subject to a career-offender enhancement. Judge White concluded that, even assuming counsel's performance

2

was deficient in this regard, Jones was not prejudiced by this deficiency because no objective evidence showed that he would have proceeded to trial, rather than pleading guilty, if counsel had properly advised him concerning sentencing.  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687, 697 (1984).

Last, Magistrate Judge White rejected Jones's second claim alleging that he had instructed counsel to file a direct appeal but that counsel failed to do so.  Judge White credited the "clear and unequivocal" testimony of Jones's counsel that Jones never indicated any desire to pursue an appeal.  DE 37 at 29.  And "[b]ecause there was no reason to think that a rational defendant in Movant's position would have wanted to appeal," Judge White found that, other than discussing an appellate waiver in the plea agreement, counsel had no obligation to consult with Jones about a possible appeal. Id. at 30-31.  Magistrate Judge White therefore recommended denying Jones's Motion and denying a certificate of appealability.

After a careful review, this Court agrees with Judge White's reasoning, conclusions, and recommendations.  Further, the Court has reviewed Jones's Objections and finds them to be without merit.  Jones reiterates his claim that counsel "misadvised Movant into accepting the instant plea agreement by failing to explain to Movant that he was a career offender and subject to an upward variance under the sentencing guidelines."  DE 38 at 2.  But nowhere does Jones address Judge White's conclusion that any such deficient performance by counsel did not prejudice Jones. Jones also contends that, after sentencing, he repeatedly asked counsel to file a direct appeal.  Jones, however, offers no basis for disturbing Judge White's decision to credit counsel's testimony to the contrary.

3

The Court will therefore deny Jones's Motion.  The Court will also deny a certificate of appealabilty because Jones has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> 28 U.S.C. § 2253(c)(2).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 37] is **ADOPTED**;

2. Movant's Objections to the Report [DE 38] are **OVERRULED**;

3. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [DE 1] is **DENIED**;

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Movant is **DENIED** a certificate of appealabilty.  The Court notes that under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may seek a certificate of appealability from the Eleventh Circuit; and

5. The Clerk of Court shall **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of September, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

Counsel of record